**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE SCOTT, a married man; BRIANA SCOTT, wife, | No. 10-16544 |
| Plaintiffs-Appellants, | DC No. 2:07-cv-00011-EHC |
| v. | MEMORANDUM* |
| PHOENIX, CITY OF, a body politic, | |
| Defendant-Appellee. | |

Appeal from United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Submitted June 15, 2011**

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: FERNANDEZ and BYBEE, Circuit Judges, and SINGLETON,*** Senior District Judge.

Plaintiffs-Appellants Leslie Scott (hereinafter "Mr. Scott"), an employee of the City of Phoenix (hereinafter "City"), and his wife, Briana (collectively "Scotts"), brought this action against the City alleging that Mr. Scott's immediate supervisor obtained and disclosed confidential medical information concerning Mr. Scott, in violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, and his common-law right of privacy.[1] The Scotts do not allege that Mr. Scott suffered from any disability, or that the City took any adverse discriminatory employment action against him. The Scotts only seek monetary damages for emotional distress. The parties filed cross-motions for summary judgment. The district court determined that there was no genuine issue of material fact and granted summary judgment to the City. Having reviewed the record, we find no error and affirm.

On appeal, the Scotts contend that Mr. Scott's supervisor made disability-related inquiries of both Scotts concerning Mr. Scott's medical condition, the

***The Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

[1]The Scotts abandoned their common-law invasion of privacy claim and proceeded solely on the basis of the alleged violation of the ADA.

2

information provided in response to those inquiries was confidential, and its subsequent disclosure violated Mr. Scott's right of privacy under the ADA. 42 U.S.C. § 12112(d)(3), (4).

We are satisfied that no inquiries covered by the ADA were ever made. The regulations clarify that general expressions of friendliness to a hospitalized co-worker, accompanied by expressions of concern, are not the kind of "inquiries" prohibited by the ADA. *See Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)*, (EEOC, July 27, 2000) [EEOC Notice 915.002, 2000 WL 33407181, at *3]). Construing the record in the light most favorable to the Scotts, the inquiries were nothing more than expressions of friendliness and concern.

AFFIRMED.